IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00336-REB-PAC

STEVEN LOWELL ROLLINS,

    Plaintiff,

v.

INGERSOLL-RAND COMPANY,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Patricia A. Coan, United States Magistrate Judge

    Plaintiff filed his *pro se* complaint alleging violations of the plaintiff's Fourth and Fifth Amendment rights as a result of the garnishment of his wages from defendant by the Colorado Department of Revenue (CDOR) for nonpayment of income taxes.  On February 28, 2006, this matter was referred to me for pretrial case management and recommended rulings on dispositive motions.  Defendant filed its motion to dismiss on April 5, 2006 [Doc. # 8].  Plaintiff filed two responses to the motion on April 28 [doc. #12] (First Response) and May 5, 2006 [doc. # 13] (Second Response), to which defendant replied on May 10, 2006 [doc. #14].  The motion is fully briefed and oral argument would not be of material assistance.

I. Background

Plaintiff's wages from defendant Ingersoll-Rand were garnished by the Colorado Department of Revenue (CDOR). Complaint, ¶¶ 6,7 at 2-3. In this suit, plaintiff challenges the garnishment of more than $6,000 of wages, alleging that the Notice of Lien and Garnishment from the CDOR does not apply to him because he has no federal tax liability. *Id.* at 3-4. Mr. Rollins asserts that because Colorado tax liability is dependent upon the existence of federal tax liability, and he has declared to the Internal Revenue Service that he is a "Sovereign American" (presumably meaning that he does not consider himself subject to taxation), the CDOR cannot garnish his wages. *Id.* at 4-5. Plaintiff filed an amended complaint on March 15, 2006 [doc. # 4] which corrects the caption of the case to reflect that plaintiff is suing Ingersoll-Rand Company instead of Ingersoll-Rand Corporation. The amended complaint does not otherwise change the original complaint, so I construe the plaintiff's claims as set forth in the original complaint.

II. Standard of Review for Motion to Dismiss

I assume the truth of every "plausible factual allegation, even if it lacks evidentiary support." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend." *Perkins v. Kan.*

*Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

### III. Analysis

Defendant moves to dismiss on three grounds: (1) plaintiff has sued the wrong party; (2) plaintiff's federal and state law claims have no merit; and (3) plaintiff failed to exhaust his administrative remedies as required by Colorado statutes.

A. Whether Defendant Can Be Held Liable for an "Improper Garnishment"

In Colorado, employers are required by law to deduct and withhold taxes from wages.  Colo. Rev. Stat. (C.R.S.) § 39-22-604(3)(a) (2002).  An employer who deducts and withholds such taxes holds the taxes in trust for the state of Colorado.  *Id.* at (7)(a). There is no dispute that Ingersoll-Rand acted in compliance with statutory requirements when it garnished plaintiff's wages.  Plaintiff's responses to the motion to dismiss indicate that he opposes the first ground to dismiss his complaint by arguing that Ingersoll-Rand should not have recognized the CDOR's garnishment as lawful because the plaintiff has no federal tax liability (plaintiff's First Response to Motion to Dismiss at 3), and that defendant's garnishment of plaintiff's wages, which was not based on a "court judgment" or "writ" amounted to a conversion.  Plaintiff's Second Response to Motion to Dismiss at 2.

Plaintiff's assertion that his employer should not have recognized and executed the garnishment is at odds with defendant's statutory obligations.  Plaintiff offers no legal basis for a purported duty of an employer to contest an order directing garnishment of an employee's wages.  There can be no constitutional violation

asserted against a private employer for such action. Plaintiff's alternative claim for conversion against his employer also fails because defendant did not retain any of the monies garnished from plaintiff's wages because they were held in trust for the CDOR.

Plaintiff had the right to contest the CDOR assessment under the statute, and any duty to challenge that assessment was plaintiff's alone. Therefore, I agree with defendant that plaintiff has sued the wrong party. Plaintiff's argument that there could not be lawful garnishment of his wages because there was not a lawful assessment levy or garnishment by the CDOR (Plaintiff's Second Response to Motion to Dismiss at 3) is an attack on the lawfulness of his tax liability, which the plaintiff was required to challenge, not his employer. I conclude that the motion to dismiss is proper on the ground that plaintiff has sued the wrong party, and that no claim is stated against defendant Ingersoll-Rand.

B. Merits of Alleged Constitutional Claims or Tort Violations

With regard to the second ground of defendant's motion, plaintiff initially confessed the motion to dismiss his Fourth and Fifth Amendment claims and sought to have the court construe these claims instead as tort violations for unlawful conversion.[1] In his Second Response, however, plaintiff has a change of heart about abandoning his constitutional claims, and responds to the motion to dismiss these claims, asserting that "defendant is simply converting money to the state without compliance with state law."

---

[1] Plaintiff's first response states "Plaintiff herewith cures his mistake and re-characterizes his Complaint from constitutional violations to tort violations." First Response at 3.

Plaintiff's Second Response to Motion to Dismiss at 4.  Plaintiff argues in his First Response that "the power to assess tax is not challenged," but rather that the defendant is "converting money to the state without compliance with state law."  First Response at 4.  The Colorado Supreme Court has defined "conversion" as "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another."  *Culpepper v. Pearl Street Building, Inc.*, 877 P.2d 877, 884 (Colo. 1994), *citing Byron v. York Inv. Co.*, 133 Colo. 418, 424, 296 P.2d 742, 745 (1956).   Notwithstanding plaintiff's characterization of the claim that his employer's garnishment amounted to conversion for the benefit of the CDOR, the tort of conversion does not encompass the action taken by Ingersoll-Rand.

Plaintiff's attempt to skirt the issue that he is not subject to federal income tax, which is the basis for his argument that the CDOR cannot collect tax from him, does not succeed.  In addition, defendant's garnishment of plaintiff's wages, in compliance with state law, cannot amount to "conversion to the state" as asserted by plaintiff as there is no such cause of action.  The Fourth Amendment protects citizens against unreasonable searches and seizures by government actors.  *U.S. v. Souza*, 223 F.3d 1197, 1201 (10th Cir. 2000).  The protections of the Fourth Amendment only apply to governmental action; an unreasonable search or seizure by a private person not acting as a government agent or with the participation or knowledge of the government is beyond the scope of the Fourth Amendment.  *Pleasant v. Lovell*, 876 F.2d 787, 796 (10th Cir. 1989).  Defendant's action in following the law does not amount to action that

is with the participation or knowledge of the government. I conclude there is no cognizable constitutional claim against Ingersoll-Rand. I conclude that the motion to dismiss is proper on the ground that plaintiff has not stated any cognizable claims under the Fourth and Fifth Amendments, and he has likewise failed to state a claim for conversion against defendant.

C. Failure to Exhaust Administrative Remedies

Defendant challenges plaintiff's claims on the ground that plaintiff's failure to exhaust his challenge to the assessment of tax by the CDOR, as required by C.R.S. § 39-21-103(2), bars his claims in this court. Plaintiff contends that the failure to exhaust does not apply to his conversion claim, but states that he never received "a notice prior to the levy at issue being executed." First Response at 5. Plaintiff further contends that Ingersoll-Rand's garnishment was illegal because it "had no lawful authority to execute on the expired garnishment," and "had they [Ingersoll-Rand] verified the validity of the garnishment, they would have discovered that plaintiff had not been afforded an administrative process with which to challenge the levy." First Response at 5-6.

Neither of plaintiff's responses to the Motion to Dismiss addresses the exhaustion issue because plaintiff's arguments are based upon his contention that he has no Colorado tax liability because he has no federal tax liability. Plaintiff's attempt to challenge the garnishment of his wages by his employer on the ground that he has no tax liability is the type of challenge contemplated in the statute requiring exhaustion.

C.R.S. § 39-21-103(2).  Plaintiff did not exhaust his claim as required by the statute, and his claims arising out of his challenge to the tax assessment are consequently barred.  *Manka v. Martin*, 614 P.2d 875, 878 n.3 (Colo. 1980) *cert. denied,* 450 U.S. 913 (1981).  I conclude that dismissal of plaintiff's complaint is proper because plaintiff failed to exhaust his claim as required in the state statute.

### IV. Recommendation

For the reasons set forth above, it is

**RECOMMENDED** that defendant's Motion to Dismiss filed April 5, 2006 [doc. # 8], be **GRANTED and this action be dismissed in its entirety**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation**

**by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated October 4, 2006.

BY THE COURT:

s/ Michael J. Watanabe *for*
PATRICIA A. COAN
United States Magistrate Judge